IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICHOLAS MATARAZZO,

    Plaintiff,

vs.

MAGNUM 152, INC., d/b/a
U.S. Pawn, a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, NICHOLAS MATARAZZO, sues Defendant, MAGNUM 152, INC., and shows:

### Introduction

1. This is an action by NICHOLAS MATARAZZO against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, NICHOLAS MATARAZZO, (hereinafter "MATARAZZO") a resident of Broward County, Florida, was at all times material, employed by MAGNUM 152, INC. as a pawn broker for Defendant, was an employee as defined by 29 U.S.C. § 203 (e),

and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a). To wit: MATARAZZO regularly and consistently processed electronic transactions for customers of the pawn shop and handled goods and materials that traveled in interstate commerce.

5. Defendant, MAGNUM 152, INC. (hereinafter, "MAGNUM 152"), is a Florida Corporation doing business in Broward County, Florida, where it owns and operates several pawn shops under the tradename of U.S. Pawn, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the pawn shops where MATARAZZO was employed. At all times pertinent to this Complaint, MAGNUM 152 operates as an organization which:

    a. sells and/or markets its services and/or goods to customers throughout the United States;

    b. provides its services for goods sold and transported from across state lines of other states;

    c. obtains and solicits funds from non-Florida sources;

    d. accepts funds from non-Florida sources;

    e. uses telephonic and internet transmissions going over state lines to do its business by transmitting funds outside the State of Florida; and,

    f.  otherwise regularly engages in interstate commerce, particularly with respect to its customers and employees.

  6.  From August 10, 2022 through September 19, 2022, Defendant MAGNUM 152 has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MATARAZZO, during the entirety of his employment, has worked approximately 50 hours per week most weeks of his employment, but was paid a weekly salary of $865.39 intended to cover 45 hours, with no overtime compensation. Plaintiff estimates that he is owed approximately $192.30 ($865.39 divided by 45 times 0.5 times 5 hours, plus $865.39 divided by 45 times 1.5 times 5 hours) per week for each of the 6 weeks of his employment, which is approximately $1,153.81, plus an equal amount for liquidated damages.[1]

  7.  The failure to pay overtime compensation to MATARAZZO is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

  8.  MAGNUM 152's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MATARAZZO's status as non-exempt, but chose not to pay him in accordance with the Act.

  9.  MATARAZZO is entitled pursuant to 29 U.S.C. § 216(b), to recover from MAGNUM 152:

---

[1] This amount is merely an estimate based on the information readily available to the Plaintiff and without the benefit of full time and pay records, which are in the possession of the Defendant. Once those records are obtained through discovery, Plaintiff will be able to calculate the precise amount of his unpaid overtime and liquidated damages.

      a.    All unpaid overtime that is due;

      b.    As liquidated damages, an amount equal to the unpaid overtime owed;

      c.    The costs of this action, and;

      d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, NICHOLAS MATARAZZO, prays that this court will grant judgment against Defendant MAGNUM 152:

      a.    awarding MATARAZZO payment of overtime compensation found by the court to be due to him under the Act;

      b.    awarding MATARAZZO an additional equal amount as liquidated damages;

      c.    awarding MATARAZZO his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### **Jury Demand**

Plaintiff demands trial by jury.

Dated: November 7, 2022
Plantation, Florida

                      Respectfully submitted,

                      */s/Robert S. Norell*
                      Robert S. Norell, Esq. (Fla. Bar No. 996777)
                      E-Mail: rob@floridawagelaw.com
                      **ROBERT S. NORELL, P.A.**
                      300 N.W. 70th Avenue
                      Suite 305
                      Plantation, Florida 33317
                      Telephone: (954) 617-6017
                      Facsimile: (954) 617-6018
                      *Counsel for NICHOLAS MATARAZZO*